UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| DEMETREOUS A. BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) Civil Action No. 13-37-HRW |
| v. | ) |
| | ) |
| MICHAEL SEPANEK, *Warden*, | ) |
| | ) **MEMORANDUM OPINION** |
| Respondent. | ) **AND ORDER** |
| | ) |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Demetreous A. Brown is an inmate confined in the Federal Correctional

Institution in Ashland, Kentucky. Proceeding without counsel, Brown has filed a

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his

federal conviction and sentence [D. E. No. 1] and a motion to amend his original §

2241 petition. [D. E. No. 9] Brown has paid the $5.00 filing fee.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C.

§ 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir.

2011). The Court must deny the petition "if it plainly appears from the petition and

any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules

Governing § 2254 Cases in the United States District Courts (applicable to § 2241

petitions under Rule 1(b)).  The Court evaluates Brown's petition under a more

lenient standard because he is not represented by an attorney. *Erickson v. Pardus*,

551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  At this

stage, the Court accepts Brown's factual allegations as true, and construes his legal

claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed both the original and amended petitions, the Court must deny

them because Brown can not pursue his claims in a § 2241 habeas corpus proceeding.

## BACKGROUND

Brown pleaded guilty in an Indiana federal court to one count of conspiring

with intent to distribute more than 50 grams of crack and more than five kilograms

of a substance containing cocaine; eleven counts of distributing crack cocaine; and

one count of possessing a firearm as a felon, and was sentenced to 220 months'

imprisonment. *United States v. Brown*, No.1:05-CR-0082-01 (S. D. Ind. 2005)[1]  The

Seventh Circuit Court of Appeals affirmed Brown's conviction and sentence. *United

States v. Brown*, 230 F. App'x 582 (7th Cir. 2007), *reh'g denied* (Aug. 2, 2007).

On August 18, 2008, Brown filed a timely motion to vacate his sentence under

28 U.S.C. § 2255. *Brown v. United States*, No. 1:08-CV-1117-LJM-DML (S.D. Ind.

---

[1]

On March 3, 2009, the sentencing court reduced Brown's prison sentence to 168 months
pursuant to 18 U.S.C. § 3582(c)(2).  [D. E. No. 94-3, therein]

2

2008). Brown alleged that during the pre-trial, sentencing, and appellate stages of his criminal proceeding, his counsel rendered ineffective assistance of counsel in violation of his rights guaranteed under the Sixth Amendment of the United States Constitution. [D. E. No. 2, therein] Brown further alleged that because the United States did not seek a reduction of his offense level, he was the victim of government vindictiveness in violation of his Fifth Amendment right to due process of law. [*Id.*] On October 20, 2008, and again on December 31, 2008, Brown amended his § 2255 motion to assert additional claims alleging ineffective assistance of counsel during his criminal proceeding. [D. E. Nos. 16 and 20, therein]

On February 18, 2009, the sentencing court denied Brown's § 2255 motion, finding that his Fifth and Sixth Amendment claims lacked merit. [D. E. No. 22, therein] The court later denied Brown a certificate of appealability. [D. E. No. 32, therein] Brown appealed, but the Seventh Circuit denied Brown a certificate of appealability, finding that Brown had not made a substantial showing of the denial of a constitutional right. [D. E. No. 47, therein; *see also Brown v. United States*, No. 09-2157 (7th Cir. Nov. 20, 2009)]

On February 9, 2010, Brown filed a motion in the sentencing court seeking relief from his sentence under Federal Rule of Civil Procedure 60(b), labeling his submission as "Motion for Relief From Direct Appeal 2255-2253 Judgments." [D.

3

E. No. 48, therein] On February 17, 2010, the sentencing court denied Brown's Rule 60(b) motion, construing it as a successive collateral attack based on the fact that Brown had merely reiterated the same ineffective assistance of counsel claim that he had previously and unsuccessfully raised in his initial § 2255 motion. [D. E. No. 49, therein] The Seventh Circuit construed Brown's appeal as a request for a certificate of appealability and denied his construed request. [D. E. No. 62, therein]

Brown has since filed motions in the sentencing court seeking the retroactive application of the federal sentencing guidelines and further reductions of his sentence under 18 U.S.C. § 3582, but was unsuccessful in those attempts. *United States v. Brown*, No. 1:05-CR-82-LJM-KPF [D. E. Nos. 149 and 154 therein] Brown has appealed those rulings, and his appeal is currently pending in the Seventh Circuit.

In his original § 2241 petition, Brown challenges both his underlying conviction for conspiracy to distribute cocaine base and the sentence he received. Brown contends that based on the holding in *United States v. Colon*, 549 F.3d 656 (7th Cir. 2008), his conviction is unconstitutional and that his remedy under § 2255 was inadequate and ineffective to challenge his detention. In *Colon*, the Seventh Circuit held that the defendant's regular purchases of saleable quantities of cocaine from a drug dealer did not, by itself, render him an aider and abettor of the dealer's narcotics trafficking conspiracy. *Id.*, at 571-72. Brown states that his drug conspiracy

4

conviction was based in large part on a detective's trial testimony that he had made regular purchases of soft powder cocaine from drug conspirator Anthony Howard, and contends that based on *Colon*, such evidence or testimony was insufficient to convict him of a drug conspiracy. Brown argues that pursuant to *Colon*, he is actually innocent of conspiring with intent to distribute more than 50 grams of crack and more than five kilograms of a substance containing cocaine in violation of § 846.

Brown also alleges that he is actually innocent of the sentence he received. On direct appeal, the Seventh Circuit rejected Brown's challenge to the sentencing court's use of the "100 to one" ratio/sentencing disparity between crack cocaine and powder cocaine in calculating Brown's sentencing range. The Seventh Circuit stated:

> But a district court must to follow the 100:1 ratio in calculating defendant's guidelines range because the ratio reflects the "policy choices made by Congress and by the Sentencing Commission." United *States v. Jointer*, 457 F.3d 682, 686 (7th Cir. 2006). A challenge to Brown's sentence on this ground would be frivolous.

*United States v. Brown*, 230 F. App'x at 848-85.

Brown argues that because the United States Supreme Court subsequently reversed *Jointer*,[2] the case upon which the Seventh Circuit relied in its decision

---

2

In *Jointer v. United States*, 552 U.S. 1o90, 128 S. Ct. 855 (2008), the Supreme Court vacated and remanded Jointer's case to the Seventh Circuit for further consideration in light of *Kimbrough v. United States*, 552 U.S.85, 128 S.Ct. 558, 169 L. Ed.2d 481 (2007).

In *Kimbrough*, the Supreme Court held that 21 U.S.C.A. § 841(b)(1)(A)(ii-iii), the Anti-Drug Abuse Act of 1986, which adopted 100-to-one ratio that treated every gram of crack cocaine as

5

affirming his original 220-month sentence under the federal sentencing guidelines in place at that time, his sentence is now invalid and he is entitled to collateral relief under § 2241.

In his amended § 2241 petition [D. E. No. 9], Brown not only reiterates his prior argument based on *Colon*, but also alleges that the prosecutor (1) knowingly caused a detective to provide false testimony to the sentencing court at his sentencing hearing, and (2) engaged in vindictive conduct by obtaining a superseding indictment against him charging him with conspiracy to distribute crack and crack cocaine.

Brown asks that his conviction be vacated and that he be re-sentenced under the newer and lower "20 to one" sentencing disparity between crack and powder cocaine set forth in the federal sentencing guidelines. Brown has also filed a motion seeking leave to begin the discovery process. [D. E. No. 7]

---

equivalent to 100 grams of powder cocaine, did not require that Federal Sentencing Commission incorporate the 100-to-one ratio throughout federal Sentencing Guidelines, or require sentencing courts under advisory Guidelines regime to adhere to 100-to-one ratio, other than for crack cocaine quantities that triggered statutory mandatory minimum sentences. *Kimbrough*, 552 U.S. at 571-74.

After the Supreme Court remanded Jointer's case to the Seventh Circuit, that court then remanded the case to the district court to consider whether Jointer's sentence should be modified pursuant to 18 U.S.C. § 3582(c) and the sentencing guidelines in place at that time, or whether Jointer should be re-sentenced under *Kimbrough*. *United States v. Jointer*, 341 F. App'x 867, 2008 WL 4144869, at **2 (7th Cir. Sept. 8, 2008).

6

## DISCUSSION

Brown is not challenging any aspect of the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of Section 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Brown argues that his underlying conviction for conspiracy to distribute crack cocaine was unconstitutional based on a case which the Seventh Circuit decided after he was convicted and sentenced and because the federal prosecutor allegedly engaged in prosecutorial misconduct. However, § 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief due to an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance in which a prisoner may take advantage of this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way

7

that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799,

804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law

establishes his actual innocence can invoke the savings clause of § 2255 and proceed

under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004).   This

exception does not apply where the prisoner failed to seize an earlier opportunity to

correct a fundamental defect in his conviction under pre-existing law, or did assert

his claim in a prior post-conviction motion under § 2255 but was denied relief.

*Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*,

300 F.3d 792, 800 (7th Cir. 2002).

A prisoner proceeding under § 2241can use the savings clause of § 2255 if he

alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003);

*Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), but actual innocence

requires factual innocence, not mere legal insufficiency. *Bousley v. United States*,

523 U.S. 614, 623-24 (1998); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir.

1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001).   To

make this showing, the movant must allege a new rule of law made retroactive by a

Supreme Court case, such as the type of claim raised in *Bailey v. United States*, 516

U.S. 137(1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States*

*v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001).

8

Brown can not make that showing for two reasons. First, Brown relies on *Colon* in challenging his underlying drug conspiracy conviction, but that case was decided by the Seventh Circuit Court of Appeals, not the United States Supreme Court. As noted, a § 2241 petitioner attempting to advance an actual innocence claim must point to a new rule of law made retroactive by the United States Supreme Court.

Second, even assuming that *Colon* substantively provided grounds to relieve Brown of his drug conspiracy conviction, Brown has waited to long to assert a *Colon*-based claim. Brown filed his first § 2255 motion in the sentencing court on August 18, 2008. Admittedly, *Colon* was not decided until December 8, 2008, but Brown's first § 2255 motion remained pending on the docket for over two months, until the sentencing court denied it on February 18, 2009. During that two and one-half month interim, Brown did <u>not</u> amend his first § 2255 motion to assert a claim based on *Colon*. On December 31, 2008, Brown moved to amend his first § 2255 motion to assert additional claims alleging ineffective assistance of counsel. *See Brown v. United States*, No. 1:08-CV-1117-LJM-DML [D. E. No. 20, therein] But Brown did not assert a claim based on *Colon*, even though *Colon* had been decided over three weeks before, on December 8, 2008. Further, after the sentencing court denied Brown's first § 2255 motion, Brown filed numerous motions and other filings seeking

9

to amend or set aside that order, *see* D. E. Nos. 24-26, 28-29 therein, but he again failed to cite *Colon* as a basis for relief in any of those submissions.

Had Brown asserted a claim based on *Colon* while his § 2255 motion was pending, or even had he cited *Colon* in any of his numerous post-judgment motions and filings, the sentencing court could have considered the merits of that claim and rendered a decision. But Brown did not bring *Colon* to the sentencing court's attention when he had opportunities to do so while his first § 2255 motion was pending. The remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner presented a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *See Charles*, 180 F.3d at 756-758; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, 2012 WL 11135 at *2 (N.D. Ohio Jan. 3, 2012).

Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758. The burden is on the petitioner to establish that the remedy under § 2255 is inadequate or ineffective, *Martin*, 319 F.3d at 804–05. Between December 8, 2008, and February 18, 2009, Brown could and should have amended his first § 2255 motion to assert a claim based on *Colon*, but he did not do so. Brown also could and should have asserted his Fifth

10

Amendment claims alleging that the prosecutor engaged in various forms of prosecutorial misconduct when he filed his first § 2255 motion, but he did not do so. Thus, Brown can not demonstrate that as to his Fifth Amendment *Colon* claim, or his Fifth Amendment claims alleging prosecutorial misconduct, his remedy under § 2255 was an inadequate means of challenging his underlying drug conspiracy conviction.

Finally, to the extent that Brown challenges his sentence, he can not proceed under § 2241 for two reasons.   First, the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences. *See Peterman*, 249 F.3d at 462; *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012); *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013); *Thornton v. Ives*, No. 6:11-CV-35-GFVT, 2011 WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd*, No. 12-5051 (6th Cir. Sept. 11, 2012) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause); *Johnson v. Cauley*, No. 09-52-HRW (E.D. Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010); *Dismuke v. United States*, 2010 WL 2859079, at *4 (E. D. Ky., July 19, 2010); *McClurge v. Hogsten*, 2010 WL 2346734, at *4 (E. D. Ky., June 10, 2010).   Therefore, Brown may not collaterally challenge his sentence in this § 2241 habeas proceeding.

11

Second, to the extent that Brown may be attempting to argue that *Kimbrough* applies retroactively to his case, his construed argument fails because *Kimbrough* does not apply retroactively to cases on collateral appeal. *Collier v. United States*, No. 1:08–cv–119, 2011 WL 703932, at *4 (E.D. Tenn. Feb.17, 2011); *also see United States v. Hairston*, 4:08CV121TSL–JCS2008 WL 5156466 (S.D. Miss. Dec. 8, 2008) (*Kimbrough* did not announce a new rule of law but rather reiterated the holding announced in *United States v. Booker*, 543 U.S. 220, 268 (2005), which held that the federal sentencing guidelines are advisory).

For these reasons, Brown has not demonstrated that he is entitled to relief from his conviction and sentence under § 2241. Brown's motion to amend his § 2241 petition will be granted, but his motion requesting permission to begin discovery will be denied as moot. For the reasons set forth above, both Brown's original and amended § 2241 petitions will be denied and this action will be dismissed.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.     Demetreous A. Brown's motion to amend his 28 U.S.C. § 2241 petition [D. E. No. 9] is **GRANTED**, and the Clerk of the Court shall **DOCKET** Brown's tendered amended § 2241 petition [D. E. No. 9-1] as an **AMENDED PETITION**;

2.     Brown's original § 2241 petition for a writ of habeas corpus [D. E. 1]

12

and his amended § 2241 petition [D. E. No. 9-1] are **DENIED**;

3.     Brown's motion seeking leave to commence discovery [D. E. No. 7] is

**DENIED** as **MOOT**;

4.     The Court will enter an appropriate judgment; and

5.     This matter is **STRICKEN** from the active docket.

This May 6, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

13